DEPARTMENT OF HOMELAND SECURITY
# NOTICE TO APPEAR

DOB: ████████

Event No: MIA2607001130

## In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: ████████          FINS: ████████          File No: ████████

In the Matter of:

Respondent: JULIO ANTONIO FERRER TAMAYO _____ currently residing at:

████████████████          ████████
(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native and a citizen of Cuba;

3. You applied for admission to the United States on November 27, 2018;

4. On February 12, 2019, you filed a Form I-589, Application for Asylum and for Withholding of Removal before the Executive Office for Immigration Review (EOIR);

5. On March 19, 2019, your Application for Asylum was granted;
   See Continuation Page Made a Part Hereof

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

18201 SW 12TH ST, BLDG 1 STE C, MIAMI, FLORIDA 33194. KROME NORTH SERVICE PROCESSING
(Complete Address of Immigration Court, including Room Number, if any)

on July 29, 2026 at 8:00 am          to show why you should not be removed from the United States based on
(Date)          (Time)

the charge(s) set forth above. _____
A 6380 FERREIRA - SDDO
(Signature and Title of Issuing Officer)

Date: July 20, 2026 _____          Miramar FL
(City and State)

This Notice to Appear Supersedes the Notice to Appear issued on July 16, 2026

DHS Form I-862 (3/26)          Page 1 of 5

## Notice to Respondent

**Alien Registration:** This Notice to Appear serves as evidence of your alien registration pursuant to INA § 262. If you are 18 years or older, failure to carry this Notice to Appear, or other evidence of alien registration as provided in 8 C.F.R. § 264.1(b), on your person at all times is a criminal offense pursuant to INA § 264(e), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days.

**Notification to the Department of Homeland Security (DHS) of Change of Address:** All aliens aged 14 years or older, and all parents and legal guardians of aliens under the age of 14, must report a change of address to U.S. Citizenship and Immigration Services, a component of DHS, within 10 days of moving, pursuant to INA § 265(a). Failure to notify DHS of your change of address is a criminal offense pursuant to INA § 266(b), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days. More information is available online at **https://www.uscis.gov/addresschange**. **This obligation is in addition to your obligation to notify the Immigration Court of your change of address**.

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to INA §§ 240(b)(4)(A) and 292. Unless you request otherwise in writing, no hearing will be scheduled earlier than 10 days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost is provided with this notice.

**Conduct of the hearing:** At your hearing you will be given the opportunity to admit or deny any or all of the allegations in this Notice to Appear, including that you are inadmissible or deportable. You will be advised by the immigration judge of any relief from removal for which you may appear eligible, including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge. At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross-examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to INA § 208(a)(2)(B).

**Notification to the Immigration Court of Change of Address:** You are required to notify the Immigration Court, in writing, of your full mailing address and telephone number (if any). You must also immediately notify the Immigration Court whenever you change your address or telephone number during the course of this proceeding by using Form EOIR-33/IC, Change of Address/Contact Information Form. Notices of hearing will be mailed to this address. If you file a Form EOIR-33/IC with the Immigration Court, you must serve a copy on the ICE Office of the Principal Legal Advisor. If you change your address or telephone number during the course of this proceeding and do not submit Form EOIR-33/IC, the Immigration Court shall not be required to provide you with written notice of your hearing. **This obligation is in addition to your obligation to notify DHS of your change of address.**

**Failure to Appear:** If you fail to attend the hearing at the date, time, and place designated on this notice, or any date, time, or place later directed by the Immigration Court, the immigration judge shall order you removed in your absence upon determining that you were provided written notice and are removable. If you are arrested by ICE after being ordered removed in your absence by the immigration judge pursuant to INA § 240(b)(5), you will be required to pay a minimum fee of $5,000, adjusted for inflation, or a greater amount as established by the Secretary of Homeland Security.

**Mandatory Duty to Depart the United States:** If you become subject to a final order of removal as defined in 8 C.F.R. § 1241.1, you must depart the United States within 90 days of the order. If you do not depart, you may be subject to a civil penalty under INA § 274D(a) of $500 per day, adjusted for inflation, and imprisonment of up to 4 years (or 10 years if you belong to certain specified classes described in INA § 237(a)(1)(E), (2), (3), or (4)). If you are granted voluntary departure, you must comply with the terms of the voluntary departure order. If you fail to voluntarily depart within the time provided, you will be subject to a final order of removal, may be ineligible for certain immigration benefits for a period of 10 years from the date you overstayed the order, and may be subject to a civil penalty from $1,000 to $5,000, adjusted for inflation. For additional information, refer to the order granting voluntary departure, as well as INA § 240B(d).

**Sensitive Locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in INA § 239(e)(1), such action complied with 8 U.S.C. § 1367.

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

_____
*(Signature and Title of Immigration Officer)*

Date: _____

---

**Certificate of Service**

This Notice To Appear was served on the respondent by me on ___July 16, 2026___ , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # _____ requested ☐ by regular mail
☒ Attached is a credible fear worksheet.
☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**Refused to sign**

M SCOTT ALVAREZ - Deportation Officer

_____
*(Signature of Respondent if Personally Served)*

_____
*(Signature and Title of officer)*

---

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (3/26)

**U.S. Department of Homeland Security**

**Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| FERRER TAMAYO, JULIO ANTONIO | ▮▮▮▮▮▮▮ | 07/16/2025 |
| | Event No: MIA2607001130 | |

THE SERVICE ALLEGES THAT YOU:
-------------------------------------------------------------------------------

6. On August 4, 2020, you filed a Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to INA 209(b), as an asylee;

7. On or about September 24, 2024, your Form I-485 was approved and you adjusted your status to that of a Lawful Permanent Resident;

8. Between July 2024 and December 2024, you began preparing and planning to conduct an attack in Cuba on police stations and to harm high ranking military personnel in Cuba;

9. In November 2024, you solicited funds and other things of value to purchase C-4 explosives, transport the C-4 explosives from Indiana to Miami, Florida, and to smuggle the C-4 explosives into Cuba;

10. On January 23, 2025, you took possession of a duffle bag containing two pistols with attached suppressors and ten inert hand grenades for the commission of an attack in Cuba;

11. On March 13, 2025, you were charged in a superseding indictment in the United States District Court Southern District of Florida for Attempted Receipt of Explosives in Interstate Commerce, in violation of 18 USC 844(d); Possessing Unregistered Firearms, in violation of 26 USC 5851 (d); and Materially False Statements to Government Agency, in violation of 18 USC 1001(a)(2)). Case No.: 1:25-cr-20048.

12. On September 25, 2025, you adjudicated guilty by a jury in the United States District Court Southern District of Florida for Attempted Receipt of Explosives in Interstate Commerce, in violation of 18 USC 844(d); Possessing Unregistered Firearms, in violation of 26 USC 5851 (d); and Materially False Statements to Government Agency, in violation of 18 USC 1001(a)(2)). Case No.: 1:25-cr-20048.

13. On July 16, 2026, you were sentenced to a term of time served followed by 3 years of probation.

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
-------------------------------------------------------------------------------

Section 237(a)(4)(B) of the INA, as amended, any alien who is described in INA section 212(a)(3)(B)(i)(I), an alien who has engaged in terrorist activity as defined in INA section 212(a)(3)(B)(iv)(II) by preparing or planning a terrorist activity, to wit: by the threat, attempt, or conspiracy to use an explosive, firearm or other weapon or dangerous device (other than for monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property, under INA section 212(a)(3)(B)(iii)(V)(b),and (VI).

Section 237(a)(4)(B) of the INA, as amended, any alien who is described in section 212(a)(3)(B)(i)(I), an alien who has engaged in terrorist activity as defined in § 212(a)(3)(B)(iv)(IV)(aa) by soliciting funds or other things of value for a terrorist activity, to wit: by the threat, attempt, or conspiracy to use an explosive, firearm or other weapon or dangerous device (other than for monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property, under INA section 212(a)(3)(B)(iii)(V)(b), (VI).

| Signature | Title |
|---|---|
| A 6380 FERREIRA | SDDO |

4 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Uploaded 07/26/2026 00:02:37:22 PM (Eastern Daylight Time) by City KRO

U.S. Department of Homeland Security    **Continuation Page for Form** I-862

| Alien's Name<br>FERRER TAMAYO, JULIO ANTONIO | File Number<br>███████████<br>Event No: MIA2607001130 | Date<br>07/16/2026 |
|---|---|---|

Section 237 (a) (2) (A) (iii) of the INA, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101 (a) (43) of the Act, to wit: 101(a)(43)(E)(i).

Section 237 (a) (2) (A) (iii) of the INA, as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101 (a) (43) of the Act, to wit: 101(a)(43)(E)(iii).

Section 237 (a) (2) (C) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in section 921(a) of Title 18, United States Code.

| Signature<br>A 6380 FERREIRA | Title<br>SDDO |
|---|---|

5 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)